UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRENE VALENTIN, as Mother and
Natural Guardian, of AUTUMN VALENTIN and
IRENE VALENTIN, Individually,   Docket # 08 CV 02484

                                    Plaintiffs,

    -against-

MORRIS HEIGHTS HEALTH CENTER and
BRONX LEBANON HOSPITAL CENTER

                                    Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF MORRIS HEIGHTS HEALTH CENTER'S MOTION TO DISMISS

**Preliminary Statement**

Plaintiffs commenced this action sounding in medical malpractice in the Supreme Court, State of New York, County of Bronx, by filing a Summons and Verified Complaint on or about October 15, 2007 [Docket #1, Exhibit A, Summons and Complaint]. Thereafter, this matter was removed to this Honorable Court by the filing of a Notice of Removal on March 11, 2008 [Docket #1]. The matter was removed to this Honorable Court based upon the fact that Morris Heights Health Center has been deemed a federal employee pursuant to the Federally Supported Health Centers Assistance Act of 1995. Defendant Morris Heights now moves to be dismissed from this action pursuant to

Fed.R.Civ.P. 12 (b) (6). As discussed in further detail below, Morris Heights is no longer a proper party to this action since it has been certified as a federal employee acting within the scope of its employment.

## Argument

### I. The claims against Morris Heights Health Center should be dismissed based upon the Certification of the Attorney general that it was acting within the scope of its employment as an employee of the United States.

"The FTCA waives the United State's sovereign immunity for certain classes of tort claims and provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the cope of his office or employment'" (Celestine v Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 80, quoting 28 U.S.C. § 1346 [b] [1]). "The FTCA's purpose is both to allow recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, to immunize such employees and agents from liability for negligent or wrongful acts done in the scope of their employment (id., at 80). "42 U.S.C. § 233 (a) makes the Federal Tort Claims Act the exclusive remedy for specified actions against members of the Public Health Service" (Cuoco v Moritsugu, 222 F.3d 99, 107).

"In instances where a tort action is brought against a federally funded public health center (construed as an employee of the United States under the Public Health Services Act of 1944 and the Federally Supported Health Centers Assistance Act of 1995) for conduct within the scope of its federal employment, the Attorney General may certify that the health center was indeed acting as a federal employee at the time of the

{A0087051.1}  2

incident" (Celestine v Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 80, citing 28 U.S.C. § 2679 [d]). "If the Attorney General issues such a certification, the employee is dismissed from the action and the United States is substituted as the defendant in the place of the employee" (Alexander v Mount Sinai Hosp. Med. Ctr., 484 F.3d 889). "The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court" (id., at 81). This Requirement is jurisdictional and cannot be waived' (id., at 81).

As it relates to the case at bar, plaintiff originally commenced this action in the Supreme Court, State of New York, County of Bronx, by filing a Summons and Verified Complaint on or about October 15, 2007 [Docket #1, Exhibit A, Summons and Complaint]. Thereafter, this matter was removed to this Honorable Court by the filing of a Notice of Removal on March 11, 2008 [Docket #1]. Contemporaneous with the removal, the Attorney General certified, pursuant to 42 U.S.C. § 233 and 28 U.S.C. § 2679 (d) that defendant Morris Heights Health Center was acting within the scope of its employment at the time of the incidents alleged in the complaint and deemed it an employee of the United States for purposes of this action [Docket #1, Exhibit B]. Indeed, the United States Attorney has already appeared in this action to defend it on behalf of Morris Heights Health Center. Based upon this, it is respectfully submitted that this action must be dismissed as against Morris Heights Health Center and that the United States should be substituted as a party.

## Conclusion

WHEREFORE, defendant Morris Heights Health Center respectfully requests that this Honorable Court: (1) DISMISS all claims against it pursuant to Fed.R.Civ.P. 12 (b) (6); and (2) GRANT such other and further relief as it deems just and proper.

other and further relief as the Court deems just and proper.

DATED:    Albany, New York
          March 17, 2008

                                      Respectfully submitted,

                                      PHELAN, PHELAN & DANEK, LLP

By:_____
        TIMOTHY S. BRENNAN, ESQ.
        Bar Roll No.: TB9890
        *Attorneys for Defendant*
        *Morris Heights Health Center*
        302 Washington Avenue Extension
        Albany, New York  12203
        (518) 640-6900