UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

IRENE VALENTIN, as Mother and         :
Natural Guardian, of AUTUMN VALENTIN and    :
IRENE VALENTIN, Individually,         :
         :
        Plaintiffs,        :
     -against-        :   08 Civ. 2484 (CM)
         :
MORRIS HEIGHTS HEALTH CENTER and    :
BRONX LEBANON HOSPITAL CENTER,    :
         :
        Defendants.      :
         :

------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUBSTITUTE THE UNITED STATES AS DEFENDANT AND TO DISMISS THE COMPLAINT AS AGAINST THE UNITED STATES

Defendant Morris Heights Health Center ("Morris Heights" or the "federal defendant"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its motion to: (i) substitute the United States of America (the "United States") as defendant pursuant to 28 U.S.C. § 2679 with respect to plaintiffs' medical malpractice claims against the federal defendant, and (ii) dismiss the complaint as against the United States pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

The United States should be substituted for the federal defendant in this action and, upon substitution, the action against the United States should be dismissed.

Plaintiffs Irene Valentin, individually and as mother and natural guardian of Autumn Valentin (collectively "plaintiffs") commenced this medical malpractice action against Morris Heights and non-federal defendant Bronx Lebanon Hospital. Pursuant to the Public Health Service Act, 42 U.S.C. § 201 et seq., Morris Heights was deemed to be an employee of the United States, effective June 23, 1996 (the "deeming date"), for purposes of tort actions seeking damages for injuries allegedly resulting from the provision of medical-related services.

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (the "FTCA"), provides the exclusive remedy with respect to plaintiffs' claims against Morris Heights, which concern allegedly negligent acts and omissions committed by Morris Heights after the deeming date and during the course of the Morris Height's federal employment. Under the FTCA, the United States "shall be substituted" as defendant where, as here, the "defendant employee was acting within the scope of h[er] office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). Accordingly, the United States should be substituted for the federal defendant, Morris Heights, in this action.

Upon substitution, the Court should dismiss the complaint as against the United States for lack of subject matter jurisdiction. The FTCA requires tort claimants, as a condition of the waiver of sovereign immunity, to exhaust administrative remedies before commencing an action in federal court. Here, however, plaintiffs did not file an administrative claim with the United States Department of Health and Human Services ("HHS"). Accordingly, all claims

against the United States should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

### A.    Plaintiffs' Tort Claims

On or about October 15, 2007, plaintiffs commenced an action in the Supreme Court of the State of New York, County of Bronx, by filing a Summons and Verified Complaint under index number 350541-2007. See Declaration of Mara E. Trager ("Trager Decl."), Exhibit ("Ex.") A.  The Complaint alleges, *inter alia*, that, from July to December 2006, defendant Morris Heights and/or its employee, Marcia Jones, was negligent and committed malpractice resulting in unspecified injuries to plaintiffs.  Id.

### B.    The Federal Defendant Was Deemed an Employee of the United States at All Times Relevant to the Complaint

Pursuant to the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 233(g)-(n) (the "FSHCAA"), Morris Heights was deemed to be an employee of the United States Government, effective June 23, 1996, for purposes of civil actions seeking damages for personal injury resulting from the performance of medical, surgical, dental and related functions.  See 42 U.S.C. § 233(a), (g) and (h); Declaration of Deretia Hawkins, dated January 24, 2008 ("Hawkins Decl.") ¶ 5 and Ex. 1.  Therefore, the federal defendant is deemed an employee of the United States at all times relevant to the complaint.

### C.    The Federal Defendant Was Acting Within Scope of Its Employment

On February 29, 2008, the United States Attorney for the Southern District of New York,

Michael J. Garcia, certified, pursuant to 28 U.S.C. § 2679 and 28 C.F.R. § 15.4, that Morris

Heights was acting within the scope of its federal employment at the time of the alleged incidents

giving rise to this action.  <u>See</u> Certification of Michael J. Garcia ("Garcia Certification"),

attached to Trager Decl., Ex. B.

      **D.**    <u>**Removal to Federal Court**</u>

On March 11, 2008, this action was removed to federal court pursuant to 42 U.S.C. §

233(c) and 28 U.S.C. § 2679(d)(2).

      **E.**    <u>**Failure to File any Administrative Claim**</u>

To date, plaintiffs have not filed any administrative claim with HHS, the appropriate

federal agency with respect to the claims raised in this action against Morris Heights.  <u>See</u>

Hawkins Decl. ¶ 4.

<u>**ARGUMENT**</u>

**POINT I**

<u>**THE UNITED STATES SHOULD BE SUBSTITUTED AS PARTY DEFENDANT**</u>

As a preliminary matter, the United States should be substituted as defendant with

respect to the tort claims alleged against the federal defendant.  The FSHCAA, 42 U.S.C. §

233(g), provides that eligible community health centers and their employees are employees of the

Public Health Service for certain purposes.  The Secretary of Health and Human Services deems

a community health center a Public Health Service employee after the center has qualified for

certain federal assistance.  <u>See</u> 42 U.S.C. § 233(g)(1)(D)-(G).  Once deemed a Public Health

Service employee, a community health center and its employees enjoy immunity for their acts

that relate to their employment, and any actions against them are treated as actions against the United States. See 42 U.S.C. § 233(a).

Section 233(a) of the FSHCAA expressly provides:

> The remedy against the United States provided by [the FTCA] . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee . . . whose act or omission gave rise to the claim.

42 U.S.C. § 233(a). Accordingly, the FSHCAA makes the FTCA "the exclusive remedy for specified actions against members of the Public Health Service," Cuoco v. Mortisugu, 222 F.3d 99, 107 (2d Cir. 2000), and protects "employees of the Public Health Service from being subject to suit while performing medical and similar functions by requiring that such lawsuits be brought against the United States instead," id. at 108.[1]

Here, the Secretary of Health and Human Services deemed Morris Heights a Public Health Service employee for purposes of the FSHCAA and FTCA effective on June 23, 1996. See Hawkins Decl. ¶5 and Ex. 1. Pursuant to 42 U.S.C. § 233, 28 U.S.C. § 2679(d)(1), and 28 C.F.R. § 15.4, Michael J. Garcia, United States Attorney for the Southern District of New York, has certified that the federal defendant was acting within the scope of its employment at the time

---

[1]    While the FSHCAA specifically applies to employees of the Public Health Service, the FTCA, which applies generally to all federal employees, similarly provides that a suit against the United States is the exclusive remedy for a suit for damages for injury "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 2679(b)(1), and provides government officers and employees acting within the scope of their employment with absolute immunity from claims of common-law tort. See Rivera v. United States, 928 F.2d 592, 608-09 (2d Cir. 1991).

of the incidents alleged in the complaint.  See Trager Decl., Ex. B ("Garcia Certification").  Such

a certification provides the "basis for the substitution of the United States as a defendant and for

the resultant immunization of the federal employee."  McHugh v. University of Vermont, 966

F.2d 67, 72 (2d Cir. 1992).[2]

       Thus, plaintiffs' tort claims against the federal defendant should be dismissed, and

the United States should be substituted as defendant.  See Celestine v. Mount Vernon

Neighborhood Health Ctr. 403 F.3d 76, 80 (2d Cir. 2005); Porter v. Hirsch, 345 F. Supp. 2d 400,

402-03 (S.D.N.Y. 2004); Bueno v. Sheldon, No. 99 Civ. 10348 (JGK), 2000 WL 565192, at *2

(S.D.N.Y. May 9, 2000).  As set forth below, however, the Court lacks subject matter jurisdiction

over plaintiffs' tort claims against the United States.

## POINT II

### THE CLAIMS AGAINST THE UNITED STATES SHOULD BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION

       Once the United States is substituted for Morris Heights, plaintiffs' FTCA action

against the United States should be dismissed for lack of subject matter jurisdiction pursuant to

Fed. R. Civ. P. 12(b)(1).

### A.  Legal Standard

       On a motion to dismiss pursuant to Rule 12(b)(1), plaintiffs carry the burden of

establishing that subject matter jurisdiction exists over their complaint.  See Malik v. Meissner,

---

    [2]    Upon certification, the action "shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those [FTCA] actions."  28 U.S.C. § 2679(d)(4).  See also Santiago Rosario v. Estado Libre Asociado de Puerto Rico, 52 F. Supp. 2d 301, 303-04 (D. Puerto Rico 1999) ("Once the United States has determined an entity to be an employee of the Public Health Service, it then extends the protections of the FTCA.").

82 F.3d 560, 562 (2d Cir. 1996); In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d

Cir. 1993).  In considering challenges to subject matter jurisdiction under Rule 12(b)(1), the

Court may consider evidence extrinsic to the pleadings.  See Kamen v. American Tel. & Tel.

Co., 791 F.2d 1006, 1011 (2d Cir. 1986).

     **B.**    **The Court Lacks Jurisdiction Under the FTCA Because Plaintiffs Failed to
             <u>Present an Administrative Claim Before Commencing This Action</u>**

        Plaintiffs cannot satisfy their burden of establishing subject matter jurisdiction given

their failure to file an administrative claim prior to commencing this action.   Principles of

sovereign immunity dictate that the United States cannot be sued without its consent.  See United

States v. Mitchell, 463 U.S. 206, 212 (1983); Robinson v. Overseas Military Sales Corp., 21 F.3d

502, 510 (2d Cir. 1994).  Congress can waive the Government's sovereign immunity only

through unequivocal statutory language, and may impose conditions on such a waiver.  United

States v. Dalm, 494 U.S. 596, 608 (1990).  Waivers of sovereign immunity and their conditions –

whether substantive, procedural, or temporal – must be strictly applied against the claimant.

Millares v. United States, 137 F.3d 715, 719 (2d Cir. 1998).  If the Government has not waived

its sovereign immunity, or if the conditions under which the Government has agreed to waive

that immunity have not been met, federal subject matter jurisdiction does not exist.  See United

States v. Sherwood, 312 U.S. 584, 586-87 (1941); Williams v. United States, 947 F.2d 37, 39 (2d

Cir. 1991); see also Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 474-75 (1994) (sovereign

immunity raises a jurisdictional bar to suit).

        Although the FTCA provides a limited waiver of the United States' sovereign

immunity for certain tortious conduct, the FTCA requires that, before a claimant may initiate an

action against the United States, "the claimant shall have <u>first presented the claim to the</u>

<u>appropriate Federal agency</u> and his claim shall have been finally denied." 28 U.S.C. § 2675(a)

(emphasis added). The requirement that an administrative claim be filed and finally denied "is

jurisdictional and cannot be waived." <u>Keene Corp. v. United States</u>, 700 F.2d 836, 841 (2d Cir.

1983) (requiring strict adherence to procedures set forth in the FTCA); <u>see also</u> <u>McNeil v. United</u>

<u>States</u>, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court

until they have exhausted their administrative remedies."); <u>Robinson</u>, 21 F.3d at 510 (no subject

matter jurisdiction where plaintiff "failed to first present his claim to the appropriate agency").

      Plaintiffs' complaint does not allege that they presented an administrative claim with

respect to the federal defendants' alleged negligence in their treatment of Irene Valentin. <u>See</u>

Trager Decl., Ex. A. This failure alone requires dismissal of the complaint:

> The burden is on the plaintiff to both plead and prove compliance with
> the statutory requirements. In the absence of such compliance, a district
> court has no subject matter jurisdiction over the plaintiff's claim.

<u>In re Agent Orange Prod. Liab. Litig.</u>, 818 F.2d 210, 214 (2d Cir. 1987) (citations omitted).

      Moreover, plaintiffs cannot plead compliance with the statutory requirements of the

FTCA because they have never filed an administrative claim with an appropriate federal agency.

Hawkins Decl. ¶ 4. Because plaintiffs failed to exhaust their administrative remedies under the

FTCA, their claims against the United States must be dismissed for lack of subject matter

jurisdiction. <u>See</u> <u>Celestine</u>, 403 F.3d at 82.

      Accordingly, the Court should dismiss the complaint against the United States for

lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## <u>CONCLUSION</u>

For the foregoing reasons, the federal defendant respectfully requests that the Court: (i) substitute the United States as defendant with respect to plaintiffs' claims against it, and, upon substitution, (ii) dismiss the complaint against the United States for lack of subject matter jurisdiction.

Dated:     New York, New York
           March 18, 2008


                                    Respectfully submitted,

                                    MICHAEL J. GARCIA
                                    United States Attorney for the
                                    Southern District of New York
                                    Attorney for the United States of America

                          By:  _____/s/_____
                                    MARA E. TRAGER (MT-4598)
                                    Assistant United States Attorney
                                    86 Chambers Street
                                    New York, New York 10007
                                    Telephone:  (212) 637-2799
                                    Facsimile:  (212) 637-2702
                                    mara.trager@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

IRENE VALENTIN, as Mother and      :
Natural Guardian, of AUTUMN VALENTIN and      :
IRENE VALENTIN, Individually,      :

     :

         Plaintiffs,      :

     -against-      :    08 Civ. 2484 (CM)

     :

MORRIS HEIGHTS HEALTH CENTER and      :
BRONX LEBANON HOSPITAL CENTER,      :

     :

         Defendants.      :

     :

----------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUBSTITUTE THE UNITED STATES AS DEFENDANT AND TO DISMISS THE COMPLAINT AS AGAINST THE UNITED STATES


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States of America
86 Chambers Street
New York, New York  10007
Telephone: (212) 637-2799
Facsimile: (212) 637-2702


MARA E. TRAGER (MT-4598)
Assistant United States Attorney

     - Of Counsel -

<u>CERTIFICATE OF SERVICE</u>

I, Mara E. Trager, an Assistant United States Attorney for the Southern District of

New York, hereby certify that on March 18, 2008, I caused a copy of the Notice of Motion, the

Memorandum of Law in Support of Motion To Substitute the United States and To Dismiss the

Complaint as Against the United States, the Declaration of Mara E. Trager, and accompanying

exhibits, the Declaration of Deretia Hawkins and accompanying exhibit, to be served, by first-

class mail, upon the following:


TO:   William P. Weininger
      445 Hamilton Avenue, Suite 1102
      White Plains, NY 10601
      Attorney for Plaintiffs

      Bronx Lebanon Hospital Center
      1770 Grand Concourse
      Bronx, New York 10457
      Attn: Legal Department

      Timothy S. Brennan
      Phelan, Phelan & Danek, LLP
      302 Washington Ave. Extension
      Albany, New York 12203

Dated:    New York, New York
          March 18, 2008


          _____/s/_____
          MARA E. TRAGER (MT-4598)
          Assistant United States Attorney