IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Irene Valentin as Mother and Natural Guardian of Autumn Valentin and Irene Valentin, Individually,<br><br>Plaintiff,<br><br>v.<br><br>Morris Heights Health Center, and Bronx Lebanon Hospital Center,<br><br>Defendants. | Case No. |

DECLARATION OF
<u>DARETIA HAWKINS</u>

1. I am an Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department's Claims Branch maintains a computerized database record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if a tort claim had been filed with the Department with respect to Morris Heights Health Center, and its employees, a record of that filing would be maintained in the Claims Branch's database.

- 2 -

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Irene Valentin, Autumn Valentin or an authorized representative relating to Morris Heights Health Center and Marcia Jones, CNM.

5. I have also reviewed official agency records and determined that Morris Heights Health Center was first deemed eligible for Federal Tort Claims Act malpractice coverage effective June 23, 1996, and that its deemed status has continued without interruption since that date. A copy of the notification by an Assistant Surgeon General, Department of Health and Human Services, to Morris Heights Health Center is attached to this declaration as Exhibit 1.

6. Official agency records also indicate that Marcia Jones, CNM, was an employee of Morris Heights Health Center at all times relevant to the complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 24th day of January, 2008.

_Daretia M. Hawkins_
DARETIA HAWKINS
Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

| DEPARTMENT OF HEALTH & HUMAN SERVICES | Health Resources and Services Administration |
|---|---|
| | Bureau of Primary Health Care<br>Rockville MD 20857 |

Ms. Verona Greenland  
Executive Director  
Morris Heights Health Center  
UDS # 021610  
85 West Burnside Avenue  
Bronx, NY 10453-4015

DEC 18 2006

Reference:   Malpractice Liability Coverage – Renewal Health Center Deeming Letter
Coverage Effective January 1, 2007 through December 31, 2007

Dear Ms. Greenland:

The Health Resources and Services Administration (HRSA) in accordance with Section 224(g) of the Public Health Service (PHS) Act, 42 U.S.C. §233(g), as amended by the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), (P.L. 104-73), deems the above named entity to be an employee of the PHS, for the purposes of section 224, effective January 1, 2007. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical surgical, dental, and related functions and is exclusive of any other civil action or proceeding.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed health centers and their: (1) officers; (2) governing board members; (3) full- and part-time health center employees; (4) licensed or certified health care practitioner contractors (who are not corporations) providing full-time services (i.e., on average at least 32 ½ hours per week); and (5) licensed or certified health care practitioner contractors (who are not corporations) providing part-time services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the assurances provided in your FTCA deeming application, as required under 42 U.S.C. §233(h), with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Page 2 – Ms. Verona Greenland

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. §254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://www.bphc.hrsa.gov/pinspals/default.htm.

For further information, please contact your HRSA Project Officer as listed on your notice of grant award.

                                      Sincerely,

                                      [signature], M.D.

                                      James Macrae
                                      Associate Administrator

Enclosure

| | |
|---|---|
| **DEPARTMENT OF HEALTH & HUMAN SERVICES** | Health Resources and Services Administration |
| | Bureau of Primary Health Care<br>Rockville MD 20857 |

DEC 19 2005

Verona Greenland
Executive Director
Morris Heights Health Center
UDS # 021610
85 West Burnside Avenue
Bronx, NY 10453-4015

Reference: Malpractice Liability Coverage – Renewal health center deeming letter
Coverage effective on January 1, 2006 through December 31, 2006

Dear Executive Director:

The Health Resources and Services Administration (HRSA), Bureau of Primary Health Care (BPHC), in accordance with Section 224(g) of the Public Health Service (PHS) Act, 42 U.S.C. §233(g), as amended by the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), (P.L. 104-73), deems the above named entity to be an employee of the PHS for purposes of Federal Tort Claims Act (FTCA) medical malpractice liability coverage, effective January 1, 2006.

This action is based on the assurances provided in your FTCA deeming application, as required under 42 U.S.C. §233(h), with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed health centers and their: (1) officers; (2) governing board members; (3) full and part time health center employees; (4) licensed or certified health care practitioner contractors (who are not corporations) providing full-time services (i.e., on average at least 32 ½ hours per week); and (5) licensed or certified health care practitioner contractors (who are not corporations) providing part-time services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage.

Page 2

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, FTCA coverage would meet the requirements of a $1.0 million each claim/$3.0 million aggregate occurrence policy since FTCA coverage would, as appropriate, provide payment to a plaintiff for any damages awarded as a result of a judgment or settlement.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. §254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://www.bphc.hrsa.gov/pinspals/default.htm.

For further information, please contact your HRSA/BPHC Project Officer as listed on your notice of grant award.

Sincerely,

*a. Michelle Sz*

A. Michelle Snyder
Associate Administrator


Enclosure



DEPARTMENT OF HEALTH & HUMAN SERVICES
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

June 21, 1996

Health Resources and
Services Administration
Bethesda MD 20814

Ms. Verona Greenland
Executive Director
Morris Heights Health Center
85 West Burnside Avenue
Bronx, New York 10453

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an employee of the Federal Government, effective June 23, 1996, for the purposes of Section 224. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding. This "FTCA coverage" is applicable to deemed entities and their including officers, governing board members, employees, and contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of having malpractice coverage under the FTCA, if a covered health care professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA as meeting whatever malpractice insurance coverage requirements such plans may require of contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would, as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact Gil Cardona, M.D., Regional FTCA Coordinator, HRSA Field Office, New York, New York at (212) 264-2771.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director



| DEPARTMENT OF HEALTH & HUMAN SERVICES | Health Resources and Services Administration |
|---|---|
| | Bureau of Primary Health Care<br>Rockville MD 20857 |

MAY 6 2005

Verona Greenland, Executive Director
Morris Heights Health Center
UDS # 021610
85 W Burnside Ave
Bronx, NY 10453-4015

Reference:  Malpractice Liability Coverage – Renewal health center deeming letter
Coverage effective on January 1, 2005 through December 31, 2005

Dear Ms. Greenland:

The Health Resources and Services Administration (HRSA), Bureau of Primary Health Care (BPHC), in accordance with Section 224(g) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g), as amended by the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), (P.L. 104-73), redeems the above named entity to be an employee of the PHS for purposes of Federal Tort Claims Act (FTCA) medical malpractice liability coverage, effective January 1, 2005.

This action is based on the assurances provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed health centers and their: (1) officers; (2) governing board members; (3) full and part time health center employees; (4) licensed or certified health care practitioner contractors (who are not corporations) providing full-time services (i.e., on average at least 32 ½ hours per week); and (5) licensed or certified health care practitioner contractors (who are not corporations) providing part-time services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage.

Page 2 – Verona Greenland, Executive Director

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, FTCA coverage would meet the requirements of a $1.0 million each claim/$3.0 million aggregate occurrence policy since FTCA coverage would, as appropriate, provide payment to a plaintiff for any damages awarded as a result of a judgment or settlement.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://bphc.hrsa.gov/pinpals/default.htm.

For further information, please contact your HRSA/BPHC Project Officer as listed on your notice of grant award.

Sincerely,

*A. Michelle Snyder*

A. Michelle Snyder
Associate Administrator

Enclosure